UNITED STATES v. ROHNER GEHRIG & CO. ET AL.

No. 4618.—Invoices dated Yokohama, Japan, May 31, 1935, etc.
Entered at New York July 1, 1935, etc.
Entry No. 700130, etc.

## Third Division, Appellate Term

(Decided July 7, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the appellees.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

KEEFE, Judge: In this case the Government makes application to review the decision and judgment rendered by a single judge involving jewelry cases imported from Japan. At the trial below it was conceded that the proper basis for assessing duty is export value and that the *per se* invoice values represent such export values. It was also conceded by the importer that in some of the cases containing the merchandise charges for tin linings were proper additions to the entered value to equal the dutiable value. It was further admitted that the cost of individual cartons in the amount of 36.23 yen is a proper addition to the invoice value of the merchandise covered by reappraisement 115816–A. The issue was limited to the question of the inclusion of the cost of cases and packing in the invoice prices as alleged by the importer. The appraiser had added the cost of cases and packing to the invoice and entered values. From a consideration of the record the trial judge found that the invoice values of the merchandise included the cost of cases and packing in all the reappraisements now before us. As to certain of the reappraisements covering cases with tin linings the cost thereof was found to be extra; that as to reappraisement 115816–A the cases and packing were found to be included in the price of the goods, but that the charges for individual cartons were extra.

The Government contends that the judge below committed reversible error by not dismissing the appeals for reappraisement filed by the importer for its failure of proof to overcome the presumption of correctness attaching to the values found by the appraiser.

The question here is whether or not the cost of cases and packing was included in the invoice prices of the merchandise. There were no witnesses examined at the trial. The plaintiff introduced an affidavit signed by J. D. Miller, an accountant of the firm of S. Isaacs & Co., the commissionaires who handled the purchase of merchandise for the plaintiff. The Government introduced a report of a special agent who investigated the market in Japan, and also interviewed the commissionaires and three manufacturers, to wit, Nagoya Sack, Onoyana Shoten, and Sanko-sha. The commissionaire's representative declared in the affidavit that the manufacturers of the merchan-

dise herein are Nagoya Shoten, S. Tanaka Shoten, Sanko-sha, Nagoya Sankosha, Onoyama Shoten, S. Ohi Shoten, Kyosan-Onoyama Shoten, and Katagiri Shoten; that all of these manufacturers paid for the cases and packing; and that certain of the entries covered cases that were lined with tin and as to such cases the tin linings were charged to the plaintiff, although the cases and packing were paid for by the manufacturers. The special agent who investigated the market stated that S. Isaacs & Co. is a commissionaire for the Warner Jewelry Case Co., the plaintiff herein, and that the commission charged on the invoices is a buying commission charged for services rendered in placing the orders, inspecting the goods and shipping the same, and an examination of Isaacs' books indicated that the prices paid were as stated on the invoices. The sales contract and other records of the manufacturers were inspected and the invoice prices were found to be in agreement with the contract and the amounts actually paid by Isaacs; that Sanko-sha had a fixed carton charge for each particular item in addition to the price of the merchandise, but that Isaacs did not pay such charge, because he furnished the paper cartons in lieu of paying the extra charge and the merchandise was delivered to Isaacs by bicycle trailer and Isaacs did the packing. The special agent did not investigate any of the manufacturers other than the three previously named and the uncontradicted evidence before us relative to packing is contained in the affidavit of the commissionaire.

From a consideration of the evidence presented, we are of the opinion that the cost of cases and packing is included in the invoice price of the merchandise but that the manufacturer made an extra charge for cartons and the packing of the same. Further that the entries herein show that the extra charge for cartons was added to the invoice prices in entering the goods. We are in agreement with the trial court that the Treasury attaché in writing his report appeared to confuse charges for individual cartons with charges for cases and packing, and we find no error in the decision and judgment of the court below. Therefore judgment will be entered affirming the judgment of the lower court.